Good morning, your honors. I'm Michael Wiltop representing Mrs. Topliff and with me at the provides this court with an opportunity to clarify a veteran's burden to trigger the presumption of aggravation under Section 1153. To this date, there really isn't any clear guidance from either this court or the DA about what that burden actually is. In the Wagner case, the court touched on what the burden was. It announced that there was a burden that was on the veteran, but that is as far as it went. It didn't go any further and provide any details on that. In the Jensen case, this court did provide a lot of detail about what the veteran's burden was to trigger the presumption, but that case involved a narrow classification of veterans who incurred the increase in their disability under combat conditions. There's a special regulation and statute about that that makes it a very liberal burden to trigger the presumption. But what's remaining is what does the average veteran who had a pre-existing injury have to do to trigger the presumption of aggravation? We think it's very simple and straightforward. The plain language of the statute provides that a pre-existing injury or disease will be considered to have been aggravated by active military service where there is an increase in disability during active service. That's very simple. In Mr. Topolis' case, he did have a pre-existing injury of the left elbow. He was accepted into service nonetheless. After seven months of service without any problems with his elbow, he re-injured it after he fell out of a truck while they were on night maneuvers. After that, the Army documented that his elbow condition had worsened. Under these circumstances, after Mr. Topolis got out of the service and he filed his claim for benefits based on aggravation of a pre-existing condition, given the record that showed that there was an increase in disability during service, he should have then afforded the benefit of the presumption. The VA at the time denied his claim. How do we know that they didn't give him the benefit? Because they didn't make the specific finding that the statute requires. There's a case law that says... They weren't required at the time to write down what their rationale was. What you're talking about, Your Honor, is the rule that was announced in the Natale case. And Joyce, which was a decision written by Judge Steinberg, established that cases involving aggravation where the government was required at the time to make a specific finding, that's an exception to the Natale case. We're not trying to apply today's standards to what happened back in 1946. The statute at the time says there has to be a specific finding that the increase in disability is due to the natural progress of the disease. Well, that's what's required to rebut the presumption. Exactly. The way I take your argument is that you believe that the presumption is invoked and thus put in place on any evidence of a flare-up or an increase, something where the disability they had coming into service is manifested. That's correct, Your Honor. And you're saying any piece of evidence invokes... And then whether or not there are some other factors to be considered comes into play in terms of the analysis of the Secretary when he comes in to rebut the presumption. I think that's the logical way that the statute reads. That's the question. We described that in our brief. It clearly is a sequential process. Otherwise, if you take what the government says is how to interpret the rule, it eliminates the presumption altogether. There's no place for a presumption in the government. In reading down in the circuit, it says that aggravation may not be conceded where the disability underwent no increase in severity during service on the basis of all the evidence of record pertaining to the manifestations of the disability prior to, during, and subsequent to the service.  I read that where they say on the basis of all the evidence of record, that includes more than just the evidence that the veteran might put in that there was an event in service that related to the disability. I believe that it's more reasonably read as being part of the rebuttal process rather than triggering the presumption itself. Well, you only get the presumption as a basis of the concession, right? That the disability underwent an increase during service. In this language, it seemed to me when they're talking about you don't get the concession. So you don't get the presumption started. Respectfully, Your Honor, that completely reads the presumption out of the rule. Where is the presumption? There's no benefit of the presumption. The presumption is supposed to be a substitute for evidence. And it's a liberal way of helping veterans establish entitlement benefits. Well, there's a difference between showing that the situation is due to the natural progress of the disease, which is the only way that the secretary can undo the presumption, right? They have to make that specific finding. That very finding. Based on clear and unmistakable evidence. So they might have some evidence that would suggest that the flare-up was anecdotal, wasn't necessarily going to an increase in severity. And that evidence would be useless to them in trial when they were trying to rebut the presumption. The only way they can rebut the presumption is to show that there was this natural progression of the disease, right? Yeah, looking at the entire record. But if they don't do that, if they fail to make that analysis and make the specific finding, that's error. Because they didn't comply with the law. Well, suppose we disagree with that point. Suppose we say that under Natali, at that time, there wasn't any requirement to put in writing this finding. Then you lose, right? That's correct. We lose. Absolutely. So I think I understand your interpretation. I wasn't certain that you actually made this argument to the Court of Veterans' Appeals. I looked in your brief, and I saw that you were objecting. You felt that the original RO and then the BVA had misunderstood or misapplied the presumption. That's correct. But I didn't see you flesh out the specific argument. No, we had no idea that the Veterans Court would decide the case the way that they did. We thought that they would follow the law. So it's true. We did flesh out that argument. Did you actually think you were making a Joyce-type argument? We did cite this Joyce. I know you cited it, but I mean, the Steinberg took Joyce off on the ground that there just hadn't been a sufficient showing that there was not an increase in severity. It's a fact question. Well, Joyce isn't exactly on point with everything because Joyce involved the presumption of soundness. And then he talked about the presumption of activation. But were you pitching your case to the CAVC as a matter of saying you as the last person that can review fact should review the facts here and say that we made a showing of an increase in severity? We made two arguments to the Veterans Court because clear and unmistakable error has potentially two components. You can find CUE based on an error of fact or an error of law. We made both arguments to the Veterans Court. I think the facts are overwhelming that this veteran's disability was aggravated in service. We made that argument, but we also made the argument that they didn't apply the law because they failed to make a specific finding in the record that the disability increased because of its natural progress rather than what happened in service. Well, they don't need to make the natural progress finding until the presumption's been invoked. Exactly. I think that the fact that he submitted the claim for benefits in the record contained evidence that his condition was... Well, this argument that the presumption is triggered by any element of evidence that goes to showing the possibility of increase in severity... You can tailor that... Did I misunderstand Davis and Mr. Carpenter's argument in Davis? I thought he was running the same type of argument up the flagpole. I thought in Davis there was a similar type of argument. I'm not familiar with that case. You see that I'm into my reserve time. Okay, thank you. Mr. Ashman? May it please the court. Your Honor, is the Veterans Court correctly... Was Joyce correctly decided or wrongly decided? I didn't follow. Joyce was correctly decided, but it's distinguishable, Your Honor, because... So there does have to be a written finding at this period of time? Your Honor, I apologize, Your Honor. The point that we relied on for Joyce was that there is a weighing of evidence that can occur. Now, does there have to be a written finding of natural progress of the disease in order to overcome the presumption? Pre-1990, Your Honor, we don't believe that there does. Okay. But in this case, Your Honor, the board and the Veterans Court didn't get that far because they found that it was not clearly undebatable that Mr. Topla's pre-existing elbow disability increased during service, and that the regional office could have found that no aggravation occurred. So there is a two-step process under the law that existed at the time for the presumption of aggravation to attach. At first, there has to be a finding that there was an increase in the disability. And what the board and the Veterans Court found was, yes, there is some evidence, unquestionably, of an increase in disability, but there was other evidence that could suggest temporary flare-ups and the like. And on that record, it was reasonable for the regional office to say, or could have been reasonable for the regional office to find that there was no increase, and therefore there is no presumption of aggravation. The suggestion was brought up that unless the evidentiary standard is too high for the veteran to prove an increase in disability, that they don't get the benefit, like what is the benefit of the presumption? The benefit is that they don't have to show, once the veteran establishes that there was a permanent increase in their disability for whatever reason, they don't have to show the connection to their service. It is then incumbent upon the secretary to show, well, yes, there is a permanent increase, but the secretary would then have to rebut that it is not connected to the service. So that is the benefit. It gives you a service connection, and if the secretary prevails in rebuttal, it breaks the service connection. Yes, exactly, Your Honor. The veteran is no longer incumbent upon the veteran to show connection. The veteran just has to show that there was a permanent increase. In this case, the law and the regulation, as Your Honor pointed out, clearly calls for a weighing of the evidence. This is 38 CFR section 3.63 paragraph I. There is no increase in severity during service on the basis of all the evidence of the record. So it is calling for the regional office to weigh the evidence of record. There is also an important distinction in the regulation with regards to the quantum of evidence at this stage, and that is the lesser evidentiary threshold that veterans who are involved in combat or prisoners of war have to satisfy. In the same regulation, it goes on to say that the due regard will be given to circumstances of service, and veterans who experience flare-ups, symptomatic episodes immediately following combat or being a prisoner of war, it will be presumed that they will get the presumption of aggravation at that point. So the regulation does provide guidance on the quantum of evidence that has to be provided. And Your Honor, as we pointed out in our brief, we do not believe that Mr. Topliff raised the current claim that he's raising now, that before the board and the Veterans Court, the argument was that the level of evidence was undebatable with regards to increase in service, or increase in disability, and here the nature of the argument has changed, that the argument is that the threshold of evidence is much lower, and that was not presented to the Veterans Court, and we believe under the court's jurisdictional statute that that claim can't be considered now. You think he was limiting himself to a sort of Joyce-style factual challenge to the increase in severity issue? Yes, Your Honor. As we pointed out in our brief, the arguments that were raised to the board and the Veterans Court was that the level of evidence, that it was unambiguous, it was undebatable. Well, he said he was making a double argument. He was making a Joyce factual argument, and he was also making a legal argument. Well, as I understood the argument was that the evidence is undebatable, therefore the presumption attaches. That's how I understand, we understand the argument below. Here to this court, we understand the argument that the quantum of evidence, that there just has to be some evidence in the record, and the presumption attaches. So we do believe those are different arguments. Unless the court has any other further questions, we respectfully request that the Veterans Court decision be affirmed. Okay, thank you, Mr. Eschman. Mr. Wildhaber? I'll be quick. Just two points, Your Honor. First, the Joyce case at pages 50 to 52, Judge Steinberg goes into an extensive discussion about how that case did not fit into the Natale rule that says that the VA is not bound by the reasons or bases law that exists now that didn't exist then. His point was that the statute at the time required a specific finding, and his analysis was that a specific finding to meet that standard, there had to be something in writing. And they didn't do that in this case, so therefore they didn't apply the presumption correctly. And as far as the argument to the Veterans Court, it's absolutely clear we made two arguments. We made a factual argument, and we made a legal argument about error. And if you look at our brief at the Veterans Court, it's in the record at 232, 237, 243 to 246. We clearly make a legal argument that the board failed to recognize at the regional office at the time didn't apply the presumption of aggravation correctly. That's a legal argument because they didn't make the specific finding. That's not a factual argument. If there's nothing further, I'll waive the rest of my time. Okay. Thank you, Mr. Wildhaber. Thank both counsel. The case is submitted.